IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

SETH M. PFISTER,

    Plaintiff,

v.                                                                                           Case No. 22C0876

BOLDUAN, et al.,

    Defendants.

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT DUE TO THE PLAINTIFF'S FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES

Plaintiff Seth Pfister, an inmate housed at Redgranite Correctional Institution, asserts First, Eighth and Fourteenth Amendment and state law claims against April Bolduan and Zachary Schroeder (hereinafter "Defendants"). But Pfister has failed to exhaust his administrative remedies related four of the six claims he proceeds on, including any claim against Schroeder. Thus, the Defendants are entitled to summary judgment on those claims and Schroeder must be dismissed.

Defendants file this motion to conserve the parties' and judicial resources before addressing the merits of Pfister's lawsuit. Whether an inmate exhausted his administrative remedies should be determined before the Court decides the merits of the case. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), *as amended on denial of reh'g and reh'g en banc* (Sept. 12, 2008). If this Court denies Defendants' Motion for Partial Summary Judgment on Exhaustion Grounds, they reserve the right to file a

Motion for Summary Judgment on the merits by the dispositive motions deadline established by the Scheduling Order of the Court.

## STATEMENT OF THE CASE

Plaintiff Seth Pfister is an inmate in the custody of the Wisconsin Department of Corrections and is currently housed at Redgranite Correctional Institution where he was at the time relevant to matters in this lawsuit. (Defendants' Proposed Findings of Fact ("DPFOF") ¶ 1.)

This Court has allowed Plaintiff Pfister to proceed on the following claims:

1. An Eighth Amendment claim against Defendant April Bolduan for an alleged incident that occurred in the dayroom on May 14, 2022 when Defendant Bolduan "outed" the Plaintiff while other inmates were in the room.

2. An Eighth Amendment claim against Defendant Bolduan in which he alleges that on July 2022, she encouraged inmates to assault Plaintiff because he was gay.

3. A First Amendment retaliation claim against Defendant Bolduan, in which he alleges that Bolduan retaliated against Plaintiff in July 2022 for filing grievances against her by encouraging other inmates to assault him.

4. A Fourteenth Amendment claim against Defendant Zachary Schroeder for moving the Plaintiff to a more dangerous housing unit based solely on the Plaintiff's sexuality.

5. An Eighth Amendment claim against Defendant Schroeder for moving the Plaintiff to a more dangerous housing unit knowing that it posed a risk to his safety as a result of his sexuality.

6. A state law claim against Defendant Bolduan for intentional infliction of emotional distress related to the May incident.

(DPFOF ¶ 2.)

Defendants assert that plaintiff only exhausted his Eighth Amendment and intentional infliction of emotional distress claim against Bolduan in relation to the May incident. He did not exhaust any other claim.

## LEGAL STANDARD

Under Federal Rules of Civil Procedures 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, more than mere conclusory allegations are required to defeat a motion for summary judgment. Mills v. First Fed. Sav. & Loan Ass'n of Belvidere, 83 F.3d 833, 840 (7th Cir. 1996). In order for a party

"to avoid summary judgment that party must supply evidence sufficient to allow a jury to render a verdict in his favor." Williams v. Ramos, 71 F.3d 1246, 1248 (7th Cir. 1995).

# ARGUMENT

I. **Pfister's First and Eighth Amendment Claims against Bolduan in relation to the July 2022 incidents, and Eighth and Fourteenth Amendment claims against Schroeder, must be dismissed because he failed to exhaust his administrative remedies.**

The only claims that Pfister has exhausted are his Eighth Amendment and state law tort claims in relation to the May 2022 incident. Pfister has not exhausted any other claim, and as such, they must be dismissed.

### A. Inmates must exhaust their administrative remedies before bringing a lawsuit.

The Prison Litigation Reform Act of 1995 ("PLRA") requires inmates to exhaust their available administrative remedies before bringing a 42 U.S.C. § 1983 action with respect to prison conditions. The relevant section of the PLRA, 42 U.S.C. 1997e(a), reads as follows:

> **Applicability of administrative remedies.** No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Congress defines "prison conditions" broadly.

> [T]he term 'civil action with respect to prison conditions' means any civil proceeding arising under Federal law with respect to the conditions of the confinement or the effects of actions by government officials on the

lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

18 U.S.C. § 3626(g)(2).

The PLRA exhaustion rule is "comprehensive" and "very broad." *Smith v. Zachary*, 255 F.3d 446, 451-52 (7th Cir. 2001). There is no futility exception to the exhaustion requirement. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999). "No one can know whether administrative requests will be futile; the only way to find out is to try." *Id.* at 536. Nor is there a substantial compliance exception; a good faith attempt to exhaust is not enough. *Smith*, 255 F.3d at 452. Furthermore, exhaustion is required no matter what relief the plaintiff seeks. *Booth v. Churner*, 532 U.S. 731, 734, (2001). Thus, in order to "exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted).

There are several important policy considerations behind the PLRA exhaustion rule. Administrative exhaustion restricts frivolous claims, gives prison officials the opportunity to address a situation internally, develops the factual record, and reduces the scope of litigation. *Smith*, 255 F.3d at 450-51. "The statute embodies a firm congressional will that keeps with a bedrock principle of our jurisprudence: 'Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *McCoy v. Gilbert*, 270 F.3d 503, 509-10 (7th Cir. 2001) (quoting *Thomas v. Ramos*, 130 F.3d 754, 759 (7th Cir. 1997) (citations omitted)).

In order to protect the goals of the PLRA exhaustion requirement, a plaintiff must exhaust all available administrative remedies before commencing an action. "The exhaustion requirement applies whenever there is some administrative process remaining at the prisoner's disposal." *McCoy*, 270 F.3d at 510. Thus, "a case filed before exhaustion has been accomplished must be dismissed." *Perez*, 182 F.3d at 537. Proper exhaustion requires that a grievance object intelligently to an asserted shortcoming. *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Stated another way, prisoners must give the prison notice of a problem, and an opportunity to address it, in order to exhaust their administrative remedies. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

> **B.  Wisconsin prisoners exhaust their administrative remedies by appealing conduct reports and administrative confinement placement, and by utilizing the Inmate Complaint Review System.**

Wisconsin's administrative procedures for inmate complaints are outlined in Wis. Admin. Code ch. DOC 310 (2018). The Code makes clear its objective: "The purpose of this chapter is to afford inmates in institutions a process by which grievances may be expeditiously raised, investigated, and decided." Wis. Admin. Code § DOC 310.01(1). "[P]risoner[s] must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. Inmates must properly exhaust their administrative remedies. Woodford v. Ngo, 584 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 90.

In Wisconsin, prisoner complaints can be pursued through the Inmate Complaint Review System (ICRS) outlined in Wis. Admin. Code Ch. DOC 310. *See* Wis. Admin. Code § DOC 310.07(1) With certain exceptions, an inmate may use the ICRS to raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights. Wis. Admin. Code § DOC 310.06.

The ICRS procedure begins with an inmate filing an offender complaint with the Inmate Complaint Examiner (ICE). Wis. Admin. Code §§ DOC 310.07, 310.11. This must be done within 14 calendar days of the event giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). The offender complaint must clearly identify the issue that the inmate seeks to raise. Wis. Admin. Code § DOC 310.07(5).

The ICE may return a complaint. Wis. Admin. Code § DOC 310.10(5). The ICE may return a complaint within 10 days if it is defective to permit the inmate to resubmit the complaint after correcting issues noted by the ICE. Inmates shall be given one opportunity to correct and resubmit a returned complaint. The ICE shall grant 10 days for receipt of the corrected complaint.

The ICE may also reject a complaint. Wis. Admin. Code § DOC 310.10(5). One reason for the rejection of a complaint is that "the inmate does not provide sufficient information to support a complaint." Wis. Admin. Code § DOC 310.10(6)(d). The inmate may appeal the rejected complaint to the appropriate reviewing authority within ten days. *See* Wis. Admin. Code § DOC 310.10(10).

If the offender complaint is not rejected, the ICE makes a recommendation on the complaint to the reviewing authority. Wis. Admin. Code § DOC 310.10(12). The

7

offender complaint is then decided by the appropriate reviewing authority whose decision (if it is adverse to the inmate) can be appealed to the Corrections Complaint Examiner (CCE). Wis. Admin. Code § DOC 310.12. Absent good cause appeals to the CCE must be made within ten days. Wis. Admin. Code § DOC 310.13. The CCE then makes a recommendation to the DOC secretary, who takes final action. Wis. Admin. Code §§ DOC 310.13.

The failure to properly complete each step in the ICRS grievance procedure constitutes failure to exhaust available administrative remedies. *Pozo,* 286 F.3d at 1025.

    **C.**    **Pfister only exhausted his Eighth Amendment and State Law claim against Bolduan in relation to the May 2022 incident. He did not exhaust any other claim.**

Pfister was allowed to proceed on one First Amendment, two Eighth Amendment, and one state law claim claim against Bolduan. He was also given leave to proceed on one Eighth and one Fourteenth Amendment claim against Schroeder. Although Pfister filed four complaints, only one is relevant to the present suit. (DPFOF ¶¶ 3, 10-12.) That one relevant complaint stemmed from the alleged incident with Bolduan from May 14, 2022 and effectively exhausted one Eighth Amendment and the sole state law claim against her. (DPFOF ¶¶ 4-9.) Pfister has failed to exhaust any other claim. As such, his claims related those incidents should be dismissed.

    **1.**    **Pfister did not exhaust his two claims against Bolduan in relation to a July 2022 incident.**

Pfister was given leave to proceed on an Eighth Amendment and First Amendment retaliation claim against Bolduan in relation to incidents which took place

in July 2022. However, he failed to file any inmate complaints related to these incidents. (DPFOF ¶ 10.)

Pfister asserted that, in July 2022, Defendant Bolduan encouraged other prisoners to assault him because he was gay, and he was given leave to proceed on an Eighth Amendment claim on that basis. (DPFOF ¶ 2.) However, he did not file any complaints related to that allegation. (DPFOF ¶ 10.) Thus, his Eighth Amendment claim must be dismissed.

Pfister also asserted that Bolduan retaliated against him for filing grievances against her by encouraging other inmates to assault him in July 2022, and he was given leave to proceed on an Eighth Amendment claim on that basis. (DPFOF ¶ 2.) However, he did did not file any inmate complaints related to that allegation. (DPFOF ¶ 10.) To properly exhaust his retaliation claim, Pfister was required to, at a minimum, "identify two things: the protected conduct that provoked the retaliation and the retaliatory act." *Lockett v. Goff*, No. 17-CV-93-JDP, 2017 WL 4083594, *2 (W.D. Wis. Sept. 13, 2017) (citations and quotations omitted); *Henderson v. Frank*, No. 06-C-12-C, 2006 WL 850660, at *2 (W.D. Wis. Mar. 21, 2006)); *Flores v. Gardner*, 17-cv-657, 2018 WL 4853038, at *3 (W.D. Wis. Oct. 5, 2018) (granting defendants summary judgment on exhaustion grounds in inmate's retaliation claim arising out of issuance of conduct reports after determining that the inmate had failed to exhaust under either the disciplinary proceedings or the ICRS). When an inmate fails to "explain the protected conduct that caused the alleged retaliation" the filing is "insufficient to put the state on notice of the nature of the wrong." *Lockett*, 2017 WL

4083594, at *2. Pfister did not file any complaints at all regarding this July 2022 incident, let alone any complaints which asserted that he was retaliated against. As such, his First Amendment retaliation claim must be dismissed.

### 2. Pfister did not exhaust any claim against Schroeder

Pfister was given leave to proceed on Eighth Amendment and Fourteenth Amendment claims against Schroeder. (DPFOF ¶ 2.) His Eighth Amendment claim alleged that Schroeder moved him to the F-Unit despite being aware that it posed a risk to his safety due to his sexuality. (*Id.*) His Fourteenth Amendment claim was based on his assertion that Schroeder moved him to the F-Unit because of his sexuality. (*Id.*)

However, Pfister failed to file any inmate complaints related to his movement to the F-Unit as he described in his complaint. Pfister not file any complaints in which he asserted that Schroeder moved him on the basis of his sexuality. (DPFOF ¶ 11.) He also did not file any complaints in which he asserted that he was moved to a unit which posed a greater risk to his safety. (DPFOF ¶ 12.) Because Pfister failed to file an inmate complaint against Schroeder and incidents that took place on May or June of 2021, he has failed to exhaust these claims. As such, the claims against Schroeder should be dismissed.

As stated above, exhaustion requires the prisoner to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *See e.g. Lockett at* 1025 (7th Cir. 2019); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), *Pozo*, 286 F.3d at 1025. Pfister's failure to do so in these cases constituted a failure to exhaust any available administrative remedies, which requires dismissal of the underlying claims pursuant to the PLRA.

## CONCLUSION

Because Pfister did not exhaust his administrative remedies in relation to several of his claims, these claims should be dismissed.

Dated: March 13, 2023.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Samir S. Jaber
SAMIR S. JABER
Assistant Attorney General
State Bar #1076522

ASHLEY FARD
Assistant Attorney General
State Bar #1121454

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-2229 (Jaber)
(608) 261-8120 (Fard)
(608) 294-2907 (Fax)
jaberss@doj.state.wi.us
farda@doj.state.wi.us