UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SETH M. PFISTER,

    **Plaintiff,**

v.                                            Case No. 22-CV-876

APRIL BOLDUAN,

    **Defendant.**

## ORDER

On December 7, 2023, *pro se* plaintiff Seth M. Pfister filed a motion to compel defendant April Bolduan to several of his interrogatories and requests for production of documents. (ECF No. 33.) On December 26, 2023, Pfister sent another motion to compel requesting the court order Bolduan to answer his third set of interrogatories. (ECF No. 35.)

Regarding the second motion to compel, Bolduan, in response, noted that she asked for an extension of the discovery deadline, which the court granted, so they could respond to the third set of interrogatories by February 7, 2024. (ECF No. 40.) Assuming Bolduan did so, the court will deny the second motion to compel as moot.

As to the first motion to compel, Pfister sought the following information, which Bolduan objected to producing:

- A history of inmate complaints filed against Bolduan;
- A list of lawsuits of which Bolduan has been apart;
- Bolduan's work schedule for the months of May and July 2022;

- Whether Bolduan has ever been disciplined, suspended, or demoted for misconduct involving a prisoner;
- Whether Bolduan has ever been accused of using inappropriate language towards another prisoner.

Bolduan objects to providing this information prior to the summary judgment stage because this information goes to proving Bolduan's character, which is not necessary until trial. (ECF No. 37.) Bolduan states that if the case survives summary judgment, she would then provide this information. Bolduan also notes that Pfister did not follow Federal Rule of Civil Procedure 37(a) and confer in good faith prior to filing his motion to compel. Pfister states he attempted to confer to the best of his ability as an incarcerated individual.

Even if Pfister did meet and confer, the court still denies his motion to compel. The information requested is not necessary to defend a motion for summary judgment. The question at summary judgment will be whether, as a matter of law, a reasonable factfinder could conclude, based on the facts in a light most favorable to Pfister, Bolduan violated Pfister's Eighth Amendment rights. Her past actions and disciplinary record will not help Pfister demonstrate this at summary judgment. If Pfister's case survives summary judgment, he may move to reopen discovery and request this information again.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Pfister's motions to compel, (ECF Nos. 33, 35) are **DENIED**.

Dated in Milwaukee, Wisconsin this 28th day of February, 2024.

STEPHEN DRIES
United States Magistrate Judge